UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VALERIU ZAMFIR,

Plaintiff,

v.

BLOOMINGTON POLICE DEPARTMENT, HENNEPIN COUNTY MEDICAL CENTER, and ANOKA METRO REGIONAL TREATMENT CENTER,

Defendants.

CIVIL NO. 00-35 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came before the undersigned on the following Motions: Defendant Bloomington Police Department's Motion to Dismiss [Docket Nos. 3, 6 and 9]; Defendant Anoka Metro Regional Treatment Center's Motion to Dismiss [Docket Nos. 5 and 15]; Defendant Hennepin County Medical Center's Motion to Dismiss [Docket No. 11]; and Plaintiff's Motion for Leave of Court for Hearing [Docket No. 10]. The Motions were considered by the Court on the pleadings. The matter was referred to the undersigned by Judge David S. Doty for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motions to Dismiss [Docket Nos. 3, 5, 6, 9, 11 and 15] be granted, and Plaintiff's Complaint be dismissed in its entirety. Plaintiff's Motion for Leave of Court for Hearing [Docket No. 10] should be denied as moot.

FILED MAY 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

## FINDINGS OF FACT/REPORT

### I. PROCEDURAL HISTORY/BACKGROUND

Plaintiff Valeriu Zamfir arrived with his family in the United States in March of 1992 as a refugee from Romania. As part of the government support he received, Plaintiff visited a dentist, Dr. Pase Lor, in August of 1992. Subsequent to this visit, Plaintiff believed that the Central Intelligence Agency had Dr. Lor place a chip in his head during this visit to enable it to gain information and track him at all times. Plaintiff then sought help from the Federal Bureau of Investigation ("FBI") to determine if a chip was placed in his head. After concluding that the FBI was not going to help him, but also part of the conspiracy against him, he filed suit against the FBI, Minneapolis Police Department and Lor Dental Clinic. This suit was dismissed sua sponte by the District Court, as "patently insubstantial." Zamfir v. Federal Bureau of Investigation, 3-96 Civ. 682, July 25, 1996 (Alsop, J.).

On January 7, 1997, Defendant Bloomington Police Department ("BDP") received calls from Plaintiff himself and from Motorola, in which Plaintiff stated that he had chips placed in his head, and people with chips in their head kill people. In response to this unusual behavior, Plaintiff was taken into protective custody by Defendant. He was then transported to the Crisis Intervention Center at Defendant Hennepin County Medical Center ("HCMC"), where he was admitted to the psychiatric unit. Plaintiff was placed on a mental health treatment facility hold for evaluation.

On January 10, 1997, HCMC Associate Administrator Aileen Baeseman filed a petition with the state district court mental health division seeking Plaintiff's civil commitment. A commitment hearing was held on January 24, 1997, and the district court

issued an order on January 27, 1997 finding Plaintiff paranoid schizophrenic. Plaintiff was "dually committed" to HCMC and Defendant Anoka Metro Regional Treatment Center ("AMRTC").

On January 15, 1997, the HCMC filed a petition with the Hennepin County Mental Health Court to obtain an authorization to use neuroleptic medication on the Plaintiff. (HCMC Ex. 2). After a hearing on the matter, the Health Court issued an order allowing HCMC or any other care facility to administer the treatment to Plaintiff.

Plaintiff was transferred from HCMC to AMRTC on February 20, 1997. His treatment with neuroleptic medication was continued, and Plaintiff was diagnosed with paranoid schizophrenia. Plaintiff was compliant with his medication throughout his time at AMRTC. Because of his continued treatment and progress, AMRTC provisionally discharged Plaintiff on January 23, 1998.

Plaintiff then filed this Complaint, appearing to allege that Defendants are part of the conspiracy against him and declared him mentally ill in order to place him in treatment and prevent him from proving his case against the government. Plaintiff alleges violations of the First, Second, Fourth, Sixth and Fifteenth Amendments to the United States Constitution, as well as a number of violations under Minnesota law. Defendants filed the current Motions to Dismiss [Docket Nos. 3, 5, 6, 9 and 11] in response.

## II. DISCUSSION

### A. Plaintiff's Claim Violates Federal Rule of Civil Procedure 8(a)

Plaintiff's claim does not meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which states:

> "A pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. . . ."

Plaintiff's Complaint is 69 pages long, and also includes an appendix of 17 "copies", which range from newspaper and magazine articles to police reports and court documents. Throughout these submissions, Plaintiff nowhere provides a "short and plain statement" of jurisdiction as required by Rule 8(a).

**B. Anoka Metro Regional Treatment Center's Motion to Dismiss [Docket Nos. 5 and 15]**

1. Standard of Review

Federal Rule of Procedure 12(b)(1) allows a party to raise a jurisdictional defense to an action prior to filing an answer on the merits. See Moubry v. Independent Sch. Dist. No. 696 (Ely), 951 F.Supp. 867, 883 (D. Minn. 1996). Federal Courts are required to inquire into whether the prerequisite of subject matter jurisdiction has been satisfied. See Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992).

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a challenge to jurisdiction, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus, 4 F.3d at 593, citing Eaton v. Dorchester Dev., Inc.,

692 F.2d 727, 731-32 (11th Cir. 1982).

2. <u>This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Against AMRTC</u>

In addition to Plaintiff's failure to provide a "short and plain statement" of jurisdiction under Rule 8, Plaintiff's claim fails to establish subject matter jurisdiction over Defendant AMRTC. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State." This has been interpreted to bar suits against a political subdivision of the state if it is an "arm or alter ego of the state." <u>State Highway Comm'n of Wyoming v. Utah Construction Co.</u>, 278 U.S. 194, 199, 49 S. Ct. 104, 106, 73 L.Ed. 262 (1929); <u>Gilliam v.City of Omaha</u>, 524 F.2d 1013, 1015 (8th Cir. 1975). The Eleventh Amendment bars a suit against a state or its agencies unless the state has waived its sovereign immunity or Congress has overridden it by abrogation. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 339, 99 S. Ct. 1139, 1144, 59 L.Ed.2d 358 (1979).

Minn. Stat. § 253.015 provides that the state hospitals located in Anoka and five other Minnesota cities "constitute the state hospitals for persons with mental illness, and shall be maintained under the general management of the commissioner of human services." Defendant AMRTC is a state-funded hospital, and is under the management of a state officer, and is thus an "arm or alter ego of the state." As the State of Minnesota has not clearly waived its sovereign immunity from this suit and Congress has not overridden it by abrogation, this Court does not have subject matter jurisdiction over Defendant AMRTC, and Plaintiff's claim against it should be dismissed.

**C. Motions of Defendants Bloomington Police Department and Hennepin County Medical Center to Dismiss [Docket Nos. 3, 6, 9 and 11]**

1. Standard of Review

The Court of Appeals for the Eighth Circuit has provided this standard for the consideration of a Motion to Dismiss pursuant to Rule 12(b)(6):

> "[A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. *United States v. Mississippi*, 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965); *see also Bennett v. Berg*, 685 F.2d 1053, 1058-59 (8th Cir. 1983); *Bramlet v. Wilson*, 495 F.2d 714, 717 (8th Cir. 1974)."

Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hilton v. Pine Bluff Public Schools, 796 F.2d 230, 231-32 (8th Cir. 1986).

In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

> "The appropriate inquiry is not whether plaintiff will ultimately prevail but whether he will be allowed to introduce evidence to support his claims. *Scheuer*, 416 U.S. at 236, 94 S. Ct. at 1686. Because dismissal on the pleadings is an extreme remedy it is not favored by the courts and is employed only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957) (footnote omitted); *see Robinson v. MFA Mutual Insurance Co.*, 629 F.2d 497, 500 (8th Cir. 1980)."

TCF Banking and Savings, F.A. v. Arthur Young & Co., 706 F. Supp. 1408, 1410 (D. Minn. 1988). Thus, it is only in the unusual case where the complaint on its face reveals some insuperable bar to relief that a dismissal under Rule 12(b)(6) is warranted. United States v. Aceto Agricultural Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); R. W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818, 821 (8th Cir. 1983).

2. Plaintiff Has Failed to State a Claim Against Defendants Bloomington Police Department and Hennepin County Medical Center

Plaintiff's claims against Defendants Bloomington Police Department and Hennepin County Medical Center should be dismissed as Plaintiff has failed to provide the basis for jurisdiction. Even assuming Plaintiff's Complaint made allegations under 42 U.S.C. § 1983, we would be forced to dismiss the claims.

42 U.S.C. §1983 provides in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress."

As an initial matter, claims against the Bloomington Police Department should be dismissed, as it is not considered a "person" under § 1983. See PBA Local No. 38 v. Woodbridge Police Department, 832 F. Supp. 808, 825 (D. N.J. 1993)("The numerous courts that have considered the question of whether a municipal police department is a proper defendant in a § 1983 action have unanimously reached the conclusion that it is not"); Ketchum v. City of West Memphis, Arkansas, 974 F.2d 81, 82 (8th Cir. 1992)(Police department is not a "juridical [entity] suable as such," but simply a department or

subdivision of the city government).

A suit against a county, municipality, or other lesser governmental unit is not regarded as a suit against a state under the Eleventh Amendment. See Gilliam, 524 F.2d at 1013. Local governing bodies can be considered as "a person" under §1983, and be sued for monetary, declaratory, or injunctive relief. See Monell v. Department of Soc. Serv., 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Municipal liability under §1983 is appropriate when a plaintiff establishes that a municipal "policy" or "custom" is the "moving force" behind the constitutional violation. Monell, 436 U.S. at 694, 98 S. Ct. at 2035-36; Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998).

An official policy is a "deliberate choice of a guiding principle or procedure made by the municipal officer who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999)(internal citations omitted). "Alternatively, custom or usage is demonstrated by:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> (3) The plaintiff's injury by acts pursuant to the government entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation.

Ware v. Jackson County, Mo., 150 F.3d 873, 880 (8th Cir. 1998)(internal citations omitted).

Both Defendants BPD or HCMC followed statutory procedure in their actions which Plaintiff alleges violated his rights. BPD acted on calls made by Plaintiff to Motorola and the Police Department itself in which he stated that he had a chip implanted in his brain by the government and that people with those chips kill people. Pursuant to Minn. Stat. §253B.05, officers took Plaintiff into custody and transferred him to the crisis facility

at HCMC. Plaintiff was then held by Defendant HCMC while a petition for his commitment was filed with the Hennepin County District Court Mental Health Division, pursuant to Minn. Stat. §253B.05. After a hearing for Plaintiff's commitment took place on January 24, 1997, Plaintiff was dually committed to Defendants AMRTC and HCMC by an Order of the Hennepin County District Court dated January 27, 1997.

Plaintiff has failed to allege any policy or custom that is the "moving force" behind the constitutional violations he alleges. He has failed to allege any pattern of conduct which establishes that these governmental units violate the rights of individuals such as Plaintiff. He has not alleged that the statutory scheme Defendants followed in any way violates the rights of individuals, nor has he alleged that Defendants acted in any manner inconsistent with the statutory scheme. Plaintiff has failed to allege a claim that meets the requirements of Monell, and thus has failed to state a claim under 42 U.S.C. §1983. Accordingly, his claims against Defendants Bloomington Police Department and Hennepin County Medical Center should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendants' Motions to Dismiss [Docket Nos. 3, 5, 6, 9, 11 and 15] be granted, and Plaintiff's Complaint be dismissed in its entirety. Plaintiff's Motion for Leave of Court for Hearing [Docket No. 10] should be denied as moot.

Dated: May 24, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **June 12, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 12, 2000**.