UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-35(DSD/JMM)

Valeriu Zamfir,

Plaintiff,

v.

**ORDER**

Bloomington Police Department,
Hennepin County Medical Center,
and Anoka Metro Regional
Treatment Center,

Defendants.

This matter is before the court on plaintiff's objections to Magistrate Judge John M. Mason's report and recommendation dated May 14, 2000. In his report, the magistrate judge recommended that the defendants' motions to dismiss [Doc. Nos. 3, 6 and 9; 5 and 15; 11] be granted. The recommended dismissal is based on plaintiff's failure to establish jurisdiction over defendant Anoka Metro Regional Treatment Center and failure to state a claim against defendants Bloomington Police Department and Hennepin County Medical Center. Plaintiff has filed a pleading entitled "Motion for Review and closer Examinations of My Case by the Chief Magistrate" [Doc. No. 17]. The court will treat plaintiff's motion as a timely objection to the report and recommendation.

The court has reviewed the file and record and concurs with the magistrate judge that dismissal is proper. With respect to

FILED 7.19.00
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 7-19-00
Deputy Clerk's Initials

defendant Anoka Metro Regional Treatment Center, it is a state mental health facility and as such, plaintiff's claims against it are barred by the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332, 339 (1979); State Highway Comm'n of Wyoming v. Utah Construction Co., 278 U.S. 194, 199 (1929); Gilliam v. City of Omaha, 524 F.2d 1013, 1015 (8th Cir. 1975).

Similarly, plaintiff has failed to provide a jurisdictional basis for his claims against defendants Bloomington Police Department and Hennepin County Medical Center. Even assuming plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, the claims do not survive a motion to dismiss. First, a department is not considered a "person" for purposes of a lawsuit under 42 U.S.C. § 1983, therefore the Bloomington Police Department is not a proper defendant. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992). Moreover, the court agrees with the magistrate judge that plaintiff's allegations, as expressed in his 69-page pro se complaint and attachments, fail to meet the requirements of a Section 1983 lawsuit against a governmental entity. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that plaintiff must establish that a municipal policy or custom is the "moving force" behind the alleged constitutional violation). Therefore, plaintiff's claims against defendants Bloomington Police Department and Hennepin County Medical Center must be dismissed.

After conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation. Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of defendant Bloomington Police Department to dismiss [Doc. Nos. 3, 6 and 9] is granted.

2. The motion of defendant Anoka Metro Regional Treatment Center to dismiss [Doc. Nos. 5 and 15] is granted.

3. The motion of defendant Hennepin County Medical Center to dismiss [Doc. No. 11] is granted.

4. Plaintiff's complaint is dismissed with prejudice.

5. Plaintiff's motion for a hearing [Doc. No. 10] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 18, 2000

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd