UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-35(DSD/JMM)

Valeriu Zamfir,

Plaintiff,

v.

**ORDER**

Bloomington Police Department,
Hennepin County Medical Center,
and Anoka Metro Regional
Treatment Center,

Defendants.

This matter is before the court on plaintiff's motion to extend time to file a notice of appeal [Doc. No. 20]. On July 19, 2000, this court entered an order dismissing plaintiff's pro se complaint with prejudice. Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days after the order appealed from is entered. However, plaintiff believed that his appeal deadline was determined under Rule 4(a)(1)(B), which provides that where the United States or its officer or agency is a party, the appealing party has 60 days to file the notice of appeal. Plaintiff has since realized that the Bloomington Police Department, Hennepin County Medical Center and Anoka Metro Regional Treatment Center are not federal entities. He now asks this court to extend the period of time in which to file an appeal.

SEP 27 2000

FILED ____________
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

Rule 4(a)(5) provides that the district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by Rule 4(a) Plaintiff's motion meets the time requirement of Rule 4(a)(5), however his proffered reason for the delay in filing his appeal -- that he mistakenly believed the entities he sued were federal agencies -- does not constitute excusable neglect.[1]

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time in which to file an appeal [Doc. No. 20] is denied.

Dated: September 27, 2000

David S. Doty, Judge
United States District Court

[1] Excusable neglect "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993). Whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission." Id. at 395. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392 (internal quotations and footnote omitted). The factors to be weighed include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.